UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MARYBETH LEMAY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: _____ |
| | ) Honorable _____ |
| ASSOCIA GULF COAST, INC., | ) |
| a Florida Profit Corporation, | ) Judge Presiding |
| *and* | ) |
| WATERSIDE AT COQUINA KEY SOUTH CONDOMINIUM ASSOCIATION, INC. | ) |
| a Florida Profit Corporation, | ) |
| | ) |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MARYBETH LEMAY, (hereinafter "Plaintiff") by and through the undersigned counsel, and files this Complaint against the Defendants, ASSOCIA GULF COAST, INC. a Florida Profit Corporation, and Defendants, WATERSIDE AT COQUINA KEY SOUTH CONDOMINIUM ASSOCIATION, INC., a Florida Not for Profit Corporation (hereinafter "Defendants") and alleges the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, *et seq.* (hereinafter "Title VII"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.10, *et seq.* (hereinafter "FCRA").

2. This action is to redress Defendants' unlawful employment practices against Plaintiff,

including Defendants' unlawful sexual harassment against Plaintiff, Defendants' Negligent Hiring Practices, and Defendants retaliation against Plaintiff under Title VII.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein, pursuant to 28 U.S.C. §1331, as this action involves Federal Questions regarding deprivation of Plaintiff's civil rights under Title VII.

4. This court has supplemental jurisdiction over Plaintiff's related claims arising under state law, pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

6. Plaintiff is a citizen of the United States, and is and was at all times material, a resident of the State of Florida.

7. Defendants are both a Corporation authorized to conduct business in the State of Florida, incorporated under the laws of Florida, each with their principal place of business in Pinellas County, Florida.

8. Defendants are both employers as defined by the laws under which this action is brought, and each employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about April 24, 2017, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination based on sex, sexual harassment, and retaliation, with an EEOC Charge No. of 511-2017-01044 (Exhibit A-Charge of Discrimination)

11. On or about July 13, 2018, Plaintiff filed a claim with EEOC, alleging discrimination based on retaliation, with an EEOC Charge No. of 511-2018-03451. (Exhibit B-Charge of Discrimination)

12. Such charges were timely filed pursuant to Title VII.

13. The EEOC issued to Plaintiff a determination finding in the form of Dismissal and Notice of Rights, with respect to both, Charge 511-2017-01044, and Charge 511-2018-03451 on March 20, 2019. (Exhibit A and B-copy of EEOC Dismissal and Notice of Rights).

14. This complaint was filed within ninety (90) days of the receipt of the EEOC's Dismissal and Notice of Rights letter.

## FACTS COMMON TO ALL CLAIMS

15. Defendants hired Plaintiff on or around January 30, 2014.

16. At all material times, Plaintiff worked for Defendants at their St. Petersburg location and Tampa location.

17. Defendants employed Plaintiff for approximately four (4) years and during that time held the positions of Assistant Property Manager and Administrative Assistant.

18. Throughout the Plaintiff's tenure with Defendants, Plaintiff satisfactorily performed the job requirements of her position as compared to others within her area with the same training and tenure.

19. While employed by Defendants, Plaintiff had satisfactory attendance and never received warnings, write-ups, or other disciplinary notices in regards to her attendance.

20. On or about August 17, 2016, Plaintiff was the target of persistent sexual harassment lasting for weeks, by Ricardo Lagombra, (hereinafter "Lagombra"), an employee of Defendants.

21. Lagombra was employed as a maintenance man for the property where the incident occurred.

22. Lagombra touched Plaintiff inappropriately, made sexually lewd comments and hand gestures on several occasions, and sent sexually inappropriate text messages to the Plaintiff's personal cell phone.

23. The sexual advances made by Lagombra were unwarranted and non-consensual.

24. On or about August 17, 2016, Lagombra, grabbed the right breast of Plaintiff and squeezed her right buttock while she was walking on the Defendants' property in the hallway in front of her supervisor's office.

25. Plaintiff repeatedly told Mr. Lagombra to stop, stay away, not to touch her, and to leave her alone.

26. Continuing for several weeks after the incident, Mr. Lagombra verbally made sexual innuendos including "I want you," "I love you," "I love it, baby," etc., along with making inappropriate and lewd hand gestures suggesting sexual intercourse, as well as texting Plaintiff's personal cell phone with inappropriate and lewd text messages about his desire for her.

27. Plaintiff repeatedly and firmly told Lagombra to "stop all of this!" and to "leave me alone!"

28. After the incident, Lagombra sent text messages to the Plaintiff's personal cell phone with animated roses, and an "in love emoji."

29. In another incident, Head of Security for the property, Lester Merritt, and Manager/Director John Fossum, both witnessed Plaintiff making a call to another employee of Defendants, to come in to work because of being short-staffed, and thereby overheard the employee on speakerphone state "only if you will give me a kiss."

30. Plaintiff was told by Lester Merritt that he would make the Human Resources (hereinafter as "HR") department for Defendants aware of the incident.

31. Plaintiff repeatedly described the incidents as they happened to her, to her Manager, John Fossum (Hereinafter "Fossum"). She reported to him numerous times that she felt very uncomfortable about the sexual harassment from other employees toward her; believing Fossum thought it was permissible behavior, and not harassment.

32. The inappropriate behavior described by the Plaintiff was believed to be dismissed by Fossum.

33. Fossum was a Manager, a Director on the Board of Directors, and an owner; all to which Plaintiff believed was a conflict of interest and the main reason her complaints to him were not being taken seriously.

34. Plaintiff firmly believed she would lose her job if she made additional complaints; that her repeated complaints about the incidents were not being addressed or resolved.

35. Plaintiff was too scared and nervous to go in and face the HR Director, Amy Cianci, (hereinafter "Cianci") but wondered why she [Plaintiff] had not been asked to file a formal complaint by her Manager, Fossum, or by the HR Director, Cianci; believing that Fossum reported the Incident when he was made aware of it by Plaintiff.

36. On or about October 3, 2017, Plaintiff felt ill but remained at work.

37. On or about October 4, 2017, Plaintiff called off sick and believed that during this time off, a female Security Guard delivered a letter to Fossum where she detailed what was happening, after being told directly and in confidence by Plaintiff.

38. On or about October 5, 2017, Fossum told Plaintiff to stay home and not to report to work. When asked why, Fossum did not answer.

39. On or about October 6, 2017, Plaintiff was told by Fossum to stay home for the third day; again, without reason, despite feeling much better to return to work.

40. Plaintiff was worried that she is being told not to report back to work was an act of retaliation because of the sexual harassment complaints.

41. Plaintiff worried for the possible loss of her job, and was overwhelmed by feelings of shame, and embarrassment and fear from being violated, and reporting it to her Manager, Fossum.

42. During this forced time off, Plaintiff believes Fossum left the confidential letter open on his desk for anyone to read, and then deliberately told all male employees to avoid and ignore the Plaintiff.

43. On or about October 6, 2017, Plaintiff was told to stay home for a fourth day, again without reason, and decided to go to the corporate headquarters in St. Petersburg, to talk with the HR department about her feelings of retaliation because of the sexual harassment incidents she reported to Fossum.

44. HR Director, Cianci asked about Plaintiff's issues. Plaintiff was surprised that there was no report of the repeated incidents of harassment that Plaintiff experienced and reported to Fossum; who in turn said he would report the incidents to HR.

45. Cianci listened to Plaintiff's story, but wrote nothing down, nor made the complaints formal in any way. Plaintiff discussed her feelings of embarrassment and shame, the fear of the violation, the physical and mental symptoms she was experiencing, along with her fear of retaliation.

46. Cianci specifically told Plaintiff to "Put her feelings in a box, shut it and shove it in the corner and move on." Cianci went on to tell Plaintiff to "Suck it up, get your confidence back, and pretend like this didn't happen." Further still, Cianci told Plaintiff she "Would contact Fossum and tell him, and he [Fossum] will give the violator [Lagombra] a warning at first (since he has been there for eleven years), and if it happens again, I will personally write him up myself."

47. Defendants, through their staff, failed to take any remedial measures in response to Plaintiff's complaint.

48. On or about October 10, 2017, Plaintiff was finally allowed to return to work; one week after being told not to return, whereby she discovered all of her office files, note pads, and other office supplies were no longer in her desk; making her job responsibility similarly impossible to perform. When confronting Fossum, he stated, "it's a shame you had to get corporate involved."

49. On or about October 11, 2017, Plaintiff felt harassed by other employees; believing she was being targeted for retaliatory behavior, as she was met with ostracizing comments, general bad attitudes toward her. Plaintiff further believes this behavior was due in part to male employees being told to ignore her.

50. On or about October 13, 2017, Plaintiff called Corporate HR in Texas, speaking with Michelle Turner. Ms. Turner confirmed receiving no reports from Cianci in the St. Petersburg office and "was shocked that Cianci did not follow up" on Plaintiff's complaint to Cianci one week earlier.

51. Plaintiff was told to stay home from work on or about October 16, 2017, so Ms. Turner could fly in from Texas and investigate the matter.

52. On or about October 18, 2017, Plaintiff was told that the Violator was fired and that Fossum, as well as Cianci, was reprimanded for their behavior in the incident. Plaintiff was told she could return to work the following day.

53. Plaintiff endured further and repeated harassment for approximately four more months; feeling bullied. Plaintiff endured loud, hostile, and even volatile behavior from employees to the point of being emotionally broken and physically ill by the behavior in the work environment.

54. Plaintiff was eventually transferred from her department to a new location in Tampa but was eventually told by President Michael Fleming, that the company could no longer financially afford to allow her continued employment at the St. Petersburg location.

55. Plaintiff was let go from her employment on or around March 23, 2018

56. Defendants unlawfully subjected Plaintiff to harassment, discrimination, and retaliation based on her sex, and the complaints of sexual harassment in the workplace against her employer.

57. Defendants unlawful conduct has caused damage to Plaintiff.

58. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees to represent her in this action.

## COUNT I
## DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-58, above.

60. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of the Defendants. Specifically, Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

61. Defendants interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise her Title VII rights.

62. Defendants' actions were willful, knowing and voluntary, and otherwise done with malice and reckless indifference for the Plaintiff's rights.

63. As Defendants engaged in discriminatory employment practices with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to punitive/exemplary damages, in addition to compensatory damages, and other remedies available under Title VII.

**WHEREFORE,** Plaintiff requests this Honorable Court:

a) Enter an order requiring Defendants to make Plaintiff whole with full back pay, benefits, and front pay;

b) Enter an order awarding Plaintiff compensatory damages in an amount to be shown at trial for past and future economic losses; non-economic losses, including extreme emotional distress and mental anguish, and impairment of the quality of life; and consequential losses;

c) Enter an order awarding Plaintiff exemplary and/or punitive damages pursuant to the applicable Federal Statutes recited herein in an amount to be shown at trial;

d) Enter an order requiring Defendants to pay Plaintiff's counsel reasonable attorneys' fees and costs, including but not limited to expert witness fees;

e) Enter an order awarding Plaintiff interest on any award at the highest rate allowed; and

f) Award any such other, and further relief as this Court deems just and proper.

## COUNT II:
## DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF THE FCRA

64. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-58, above.

65. This claim is authorized and instituted pursuant to the provisions of the FCRA for relief based upon the unlawful employment practices of the Defendants. Specifically, Plaintiff complains of Defendants violation of the FCRA's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

66. During the period Plaintiff was employed by Defendants, she was a member of a class protected under the FCRA against sex-based discrimination by her employer.

67. Defendants have intentionally discriminated against Plaintiff on the basis of her sex (female) in violation of the FCRA by denying her the same terms and conditions of employment available to employees who are male. Discriminating behavior includes but is not limited to: subjecting her to disparate working conditions, standards, and discipline, and denying her the opportunity to work in an employment setting free of unlawful discrimination.

68. Defendants have discriminated against Plaintiff on the basis of her sex (female) in violation of the FCRA by creating, fostering, and accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive discrimination, and unfair terms and conditions of employment.

69. As Defendants engaged in discriminatory employment practices with malice or with reckless indifference to Plaintiff's State-protected rights, Plaintiff is entitled to punitive/exemplary damages, in addition to compensatory damages, and other remedies available under the FCRA.

**WHEREFORE,** Plaintiff requests this Honorable Court:

a) Grant a permanent injunction enjoining Defendants from engaging in any employment practice violation of the FCRA,

b) Declare Defendants' conduct to be in violation of the FCRA and order Defendants to institute policies, practices, and programs, which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c) Enter an order requiring Defendants to make Plaintiff whole with full back pay, benefits, and front pay;

d) Enter an order awarding Plaintiff compensatory damages in an amount to be shown at trial for past and future economic losses; non-economic losses, including extreme emotional distress and mental anguish, and impairment of the quality of life; and consequential losses;

e) Enter an order awarding Plaintiff exemplary and/or punitive damages pursuant to the applicable Federal Statutes recited herein in an amount to be shown at trial;

f) Enter an order requiring Defendants to pay Plaintiff s counsel reasonable attorneys' fees and costs, including but not limited to expert witness fees;

g) Enter an order awarding Plaintiff interest on any award at the highest rate allowed by law; and

h) Award any such other relief as this Court deems just and proper.

## COUNT III:
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

70. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-58, above.

71. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of the Defendants. Specifically, Plaintiff complains of Defendants violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

72. During employment with Defendants, Plaintiff was subjected to unwelcome sexual harassment

73. The harassment was sufficiently severe or pervasive as to alter the terms or conditions of employment and create an abusive working environment.

74. Defendants knew or should have known of the harassment.

75. Defendants interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise her Title VII rights.

76. Defendants actions were willful, knowing and voluntary, and otherwise done with malice and reckless indifference for the Plaintiff's rights.

77. As Defendants engaged in discriminatory employment practices with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to punitive/exemplary damages, in addition to compensatory damages, and other remedies available under Title VII.

**WHEREFORE,** Plaintiff requests this Honorable Court:

a) Enter an order requiring Defendants to make Plaintiff whole with full back pay, benefits, and front pay;

b) Enter an order awarding Plaintiff compensatory damages in an amount to be shown at trial for past and future economic losses; non-economic losses, including extreme emotional distress and mental anguish, and impairment of the quality of life; and consequential losses;

c) Enter an order awarding Plaintiff exemplary and/or punitive damages pursuant to the applicable Federal Statutes recited herein in an amount to be shown at trial;

d) Enter an order requiring Defendants to pay Plaintiff s counsel reasonable attorneys' fees and costs, including but not limited to expert witness fees;

e) Enter an order awarding Plaintiff interest on any award at the highest rate allowed; and

f) Award any such other relief as this Court deems just and proper.

### COUNT IV:
### SEXUAL HARASSMENT IN VIOLATION OF THE FCRA

78. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-58, above.

79. This claim is authorized and instituted pursuant to the provisions of the FCRA for relief based

upon the unlawful employment practices of the Defendants. Specifically, Plaintiff complains of Defendants violation of the FCRA's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

80. During the period Plaintiff was employed by Defendants, she was a member of a class protected under the FCRA against sex-based discrimination by her employer.

81. During her employment with Defendants, subjected Plaintiff to unwelcome harassment based on sex.

82. The harassment was sufficiently severe or pervasive as to alter the terms or conditions of employment and create an abusive working environment.

83. Defendants knew or should have known of the harassment.

84. Defendants have intentionally discriminated against Plaintiff on the basis of her sex (female) in violation of the FCRA by denying her the same terms and conditions of employment available to employees who are male. Discrimination includes, but is not limited to: subjecting her to disparate working conditions, standards, and discipline, and denying her the opportunity to work in an employment setting free of unlawful discrimination.

85. Defendants have discriminated against Plaintiff on the basis of her sex (female) in violation of the FCRA by creating, fostering, and accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive discrimination, and unfair terms and conditions of employment.

86. As Defendants engaged in discriminatory employment practices with malice or with reckless indifference to Plaintiff state-protected rights, Plaintiff is entitled to punitive/exemplary damages, in addition to compensatory damages, and other remedies available under the FCRA.

**WHEREFORE,** Plaintiff requests this Honorable Court:

a) Grant a permanent injunction enjoining Defendants from engaging in any employment practice violative of FCRA;

b) Declare Defendants conduct to be in violation of the FCRA and order Defendants to institute policies, practices, and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c) Enter an order requiring Defendants to make Plaintiff whole with full back pay, benefits, and front pay;

d) Enter an order awarding Plaintiff compensatory damages in an amount to be shown at trial for past and future economic losses; non-economic losses, including extreme emotional distress and mental anguish, and impairment of the quality of life; and consequential losses;

e) Enter an order awarding Plaintiff exemplary and/or punitive damages pursuant to the applicable Federal Statutes recited herein in an amount to be shown at trial;

f) Enter an order requiring Defendants to pay Plaintiff s counsel reasonable attorneys' fees and costs, including but not limited to expert witness fees;

g) Enter an order awarding Plaintiff interest on any award at the highest rate allowed by law; and

h) Award any such other relief as this Court deems just and proper.

## COUNT V:
## RETALIATION IN VIOLATION OF TITLE VII

87. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1- 58, above.

88. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendants. Specifically, Plaintiff complains of Defendants violation of Title VII's prohibition against retaliation in regards to Plaintiff's opposition; complaints of Defendants discrimination; and harassment based on Plaintiff's sex

(female) in regards to her employment with the Defendants.

89. During the period Plaintiff was employed by Defendants, she was a member of a class protected under Title VII.

90. Defendants have intentionally retaliated against Plaintiff in violation of Title VII for opposing and complaining of Defendants discriminatory practices against Plaintiff based on her sex.

91. As a direct and proximate result of Defendants unlawful and retaliatory conduct, in violation of Title VII, Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress; including but not limited to: depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, all for which Plaintiff is entitled to an award of monetary damages and other relief.

92. Defendants unlawful conduct and retaliation in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff and was done with conscious disregard of Plaintiff's protections granted by Title VII, entitling Plaintiff to an award of exemplary and/or punitive damages.

**WHEREFORE**, Plaintiff requests this Honorable Court:

a) Enter an order requiring Defendants to make Plaintiff whole with full back pay, benefits, and front pay;

b) Enter an order awarding Plaintiff compensatory damages in an amount to be shown at trial for past and future economic losses; non-economic losses, including extreme emotional distress and mental anguish, and impairment of the quality of life; and consequential losses;

c) Enter an order awarding Plaintiff exemplary and/or punitive damages pursuant to the applicable Federal Statutes recited herein in an amount to be shown at trial;

d) Enter an order requiring Defendants to pay Plaintiff's counsel reasonable attorneys' fees and costs, including but not limited to expert witness fees;

    e) Enter an order awarding Plaintiff interest on any award at the highest rate allowed by law; and

    f) Award any such other, and further relief as this Court deems just and proper.

## COUNT VI:
## RETALIATION IN VIOLATION OF THE FCRA

93. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-58, above.

94. This claim is authorized and instituted pursuant to the provisions of FCRA for relief based upon the unlawful employment practices of Defendants. Specifically, Plaintiff complains of Defendants violation of the FCRA's prohibition against retaliation in regards to Plaintiff's opposition and complaints of Defendants discrimination and harassment based on Plaintiff's sex (female) in regards to her employment with the Defendants.

95. During the period the Plaintiff was employed by Defendants, Plaintiff was a member of a class protected under the FCRA.

96. Defendants have intentionally retaliated against Plaintiff in violation of the FCRA for opposing and complaining of Defendants discriminatory practices against Plaintiff based on her sex.

97. Defendants have retaliated against Plaintiff based on her sex (female) in violation of FCRA by creating, fostering, accepting, ratifying and otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive discrimination, and unfair terms and conditions of employment.

98. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

99. Defendants unlawful conduct and retaliation in violation of FCRA was outrageous and malicious, was intended to injure Plaintiff and was done with conscious disregard of Plaintiff's protections granted by FCRA, entitling Plaintiff to an award of exemplary and/or punitive damages.

**WHEREFORE,** Plaintiff requests this Honorable Court:

a) Enter an order requiring Defendants to make Plaintiff whole with full back pay, benefits, and front pay;

b) Enter an order awarding Plaintiff compensatory damages in an amount to be shown at trial for past and future economic losses; non-economic losses, including extreme emotional distress and mental anguish, and impairment of the quality of life; and consequential losses;

c) Enter an order awarding Plaintiff exemplary and/or punitive damages pursuant to the applicable state statutes recited herein in an amount to be shown at trial;

d) Enter an order requiring Defendants to pay Plaintiff s counsel reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in FCRA;

e) Enter an order awarding Plaintiff interest on any award at the highest rate allowed by law; and

f) Award any such other, and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable herein.

Respectfully Submitted,

/s/Candice Rojas-Colucci_____
Candice Rojas-Colucci, Esq.
Florida Bar Number 120514
David J. Lockard, Esq.
Florida Bar Number 1011548

        COLUCCI LAW GROUP, PLLC
499 Patricia Ave., Suite B
Dunedin, Florida 34698 (primary mailing)
*And*
4472 US Hwy. South, Suite 707
St. Augustine, Florida 32086
Office: 727-733-9438
Direct: 813-842-0400
Fax: 1-800-217-0437